David D. Miller (State Bar No. 066863)
Patricia I. James (State Bar No. 090633)
MILLER & JAMES, LLP
ATTORNEYS AT LAW
750 B Street, Suite 1910
San Diego, California 92101-8122
Telephone: (619) 685-0077
Facsimile: (619) 685-0011

Attorneys for: Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY MEDINA and SVETLANA KRIVENCHEVA,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and COURTNEY L. MAPES, M.D.,<br><br>Defendants. | Civil Case No.<br><br>COMPLAINT FOR MEDICAL NEGLIGENCE, LACK OF INFORMED CONSENT, LOSS OF CONSORTIUM AND DEMAND FOR JURY TRIAL |

Plaintiffs allege:

### FIRST CAUSE OF ACTION

(Medical Negligence by BRADLEY MEDINA)

1. This is an action arising under the Federal Tort Claims Act, 28 U.S.C. §§2671, et seq. This court is vested with jurisdiction pursuant to 28 U.S.C. §1346(b).

2. Plaintiff BRADLEY MEDINA (BRADLEY) is and, at all times referred to herein, was a resident of the County of Tulare, State of California.

3. Plaintiff SVETLANA KRIVENCHEVA ("SVETLANA") is and, at all times referred to herein, was a resident of the County of Visalia, State of California.

4. Defendant UNITED STATES OF AMERICA (hereinafter referred to as "USA") operates a health care facility known as the FAMILY HEALTHCARE NETWORK in Visalia, California. USA, in operating the hospital, holds itself out to military personnel and their dependents to use that degree of care, skill and diligence and attention used by hospitals generally in the community in the care and treatment of patients. The hospital operated by defendant has in its employ, among others, doctors, nurses, interns, residents, student nurses, nurses' aides and other hospital personnel over which it exercises exclusive control and supervision, with the right to employ and discharge such employees.

5. Defendant COURTNEY L. MAPES, M.D., ("MAPES"), at all times relevant to this action, was a doctor licensed to practice under the laws of the State of California and held herself out as a doctor in the County of Tulare, State of California. Plaintiffs are informed and believe and thereon allege that MAPES is now a resident of the State of Illinois.

6. At all times relevant to this action, each of the defendants was the agent, servant, employee and under the control of each of the remaining defendants, and as such, was acting within the purpose and scope of that agency, authority, employment and control.

7. On May 5, 2020 and March 1, 2021, administrative tort claims under the Federal Tort Claims Act ("FTCA") 28 USC §§ 1346(a), 2401(b), 2671-80, were filed on behalf of BRADLEY and SVETLANA, respectively. The claims were denied on December 1, 2020 and March 1, 2021, respectively. The denial stated that a suit had to be filed against USA in the appropriate federal district court within six (6) months from the date of mailing of this determination. Therefore, this complaint is timely.

## FIRST CAUSE OF ACTION

(Medical Negligence by BRADLEY against all Defendants)

8. BRADLEY hereby realleges and incorporates herein by reference paragraphs 1 through 7 of the General Allegations.

////

9. Commencing on or about February 8, 2019, and at all times relevant to this action, Defendants were health care providers duly licensed in California, and each of them held themselves out as possessing that degree of skill, ability and learning common to said health care providers in the State of California.

10. Commencing on or about February 8, 2019, and at all times relevant to this action, BRADLEY consulted with Defendants for the purpose of examination, diagnosis, care and treatment. Commencing on or about February 8, 2019, and at all times relevant to this action, Defendants undertook to do all things necessary and proper to discharge their responsibility to BRADLEY as his healthcare providers.

11. Commencing on or about February 8, 2019, and at all times relevant to this action, Defendants carelessly and negligently examined, diagnosed, treated and cared for BRADLEY such that he was damaged as hereinafter alleged. Such negligence includes, but is not limited to, the following: BRADLEY presented for treatment due to redness and swelling from the top of his leg at the groin area to the knee and below the knee. He was incorrectly diagnosed with a hamstring pull and given medication. He was subsequently hospitalized two weeks later with severe pain, redness and swelling in his leg which was diagnosed with necrotising fasciitis that required surgery and resulted in a significant loss of tissue.

12 The conduct of Defendants fell below the applicable standard of care for the medical community.

13. As a proximate result of the Defendants' acts, plaintiff suffered physical injury, emotional distress and mental suffering. BRADLEY is informed and believes and thereon alleges that such injuries will result in some permanent disability to him, all to his general damage.

14. As a proximate result of the negligence and conduct of Defendants, BRADLEY has incurred and will incur medical and related expenses, all to his special damage.

15. As a proximate result of the negligence and conduct of Defendants, BRADLEY has incurred and will incur lost of earnings and earning capacity and related expenses, all to

his special damage.

## SECOND CAUSE OF ACTION

(Lack of Informed Consent by BRADLEY against MAPES)

16. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 7 of the General Allegations and paragraphs 9 through 15 of the First Cause of Action.

17. At all times relevant to this action, MAPES tortiously failed to advise, inform, or warn BRADLEY of the specific dangers, consequences and hazards involved in the care and treatment that he undertook to perform. Had MAPES informed him of the specific dangers, consequences and hazards involved, BRADLEY would not have undergone the care and treatment. As a proximate result of said conduct, Plaintiff was injured as alleged.

## THIRD CAUSE OF ACTION

(Loss of Consortium by SVETLANA against all Defendants)

18. SVETLANA realleges and incorporates herein by reference paragraphs 1 through 7 of the General Allegations, paragraphs 9 through 15 of the First Cause of Action and paragraph 17 of the Second Cause of Action.

19. SVETLANA and her spouse, BRADLEY, were, at all times relevant to this action, and now are, husband and wife.

20. Prior to the physical and emotional injuries, BRADLEY was able to and did perform her duties as a husband. Subsequent to the injuries, and as a proximate result thereof, BRADLEY has been unable to perform the necessary duties as a husband and the work and services usually performed in the care, maintenance and management of the family and home, and BRADLEY will be unable to perform such work, services, and duties in the future. By reason thereof, SVETLANA has been permanently deprived and will be deprived of the consortium of BRADLEY, including the performance of his necessary duties, all to SVETLANA' damage in an amount according to proof.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For general damages according to proof;

2. For medical and related expenses according to proof;

3. For loss of earnings and earning capacity according to proof;

4 For costs of suit incurred;

5. For prejudgment interest according to proof; and

6. For such other and further relief as the Court may deem proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

Dated: May 21, 2021                                  MILLER & JAMES, LLP

By: _____
David D. Miller
Patricia I. James
Attorneys for Plaintiffs