UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY MEDINA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COURTNEY L. MAPES, M.D., <br><br> Defendant. | Case No. 1:21-cv-00844-JLT-EPG <br><br> ORDER GRANTING PATRICIA I. JAMES'S RENEWED MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS <br><br> (ECF No. 39). |

Before the Court is Patricia James of Miller & James, LLP's renewed motion to withdraw as counsel of record for Plaintiffs Bradley Medina and Svetlana Krivencheva ("Plaintiffs"). (ECF No. 39). The renewed motion was taken under submission without a hearing pursuant to Local Rule 230(g). (ECF No.40). For the following reasons, the Court will grant the motion.

**I.    BACKGROUND**

Plaintiffs initiated this case by filing a complaint on May 25, 2021, alleging claims for medical negligence, lack of informed consent, and loss of consortium against Defendants Courtney L. Mapes, M.D. and the United States pursuant to 28 U.S.C. §§2671, *et seq*. (Federal Tort Claims Act). (ECF No. 1). Plaintiffs' claims against the United States were dismissed without prejudice pursuant to the parties' stipulation on November 18, 2021. (ECF Nos. 13 & 14).

//

**A.      First Motion to Withdraw**

On February 13, 2023, Plaintiffs' counsel filed a motion to withdraw as counsel of record for Plaintiffs. (ECF Nos. 31 & 32). According to the declaration of Plaintiffs' counsel, "[t]here has been a lack of cooperation by the clients which has rendered it unreasonably difficult to carry out employment effectively." (ECF No. 31, p. 2). Plaintiffs filed an opposition to the motion on February 21, 2023. (ECF No. 33). Plaintiffs' opposition indicated that Plaintiffs' counsel provided Plaintiffs with more detailed reasons for the withdrawal than disclosed by the motion to withdraw and supporting declaration. (*Id.* at p.1-2). Plaintiffs argued that Plaintiff's counsel "should be compelled to disclose the actual reasons for the motion to withdraw." (*Id.* at 2). Further, Plaintiffs argued that they would be prejudiced if Plaintiffs' counsel was permitted to withdraw. (*Id.*)

The Court held a hearing on the motion to withdraw on March 24, 2023. (ECF No. 37). Plaintiffs' counsel, Plaintiffs, and Defendant's counsel were present at the hearing. (*Id.*) At the hearing, Plaintiffs' counsel and Plaintiffs identified certain issues regarding case management. After the parties presented their positions on the motion to withdraw, the Court was hopeful that Ms. James and Plaintiffs could resolve the issues in a private telephonic conference.

Following the hearing, the Court issued an order denying the motion to withdraw without prejudice and directing Plaintiffs' counsel and Plaintiffs to confer via telephone at a specified time to discuss the issues raised at the hearing and ongoing case management. (ECF No. 38). The Court also found good cause to modify the scheduling order, specifically extending the deadline for Plaintiffs to designate a rebuttal expert witness as to Defendant's Expert Posalski. (*Id.*)

**B.      Renewed Motion to Withdraw**

On April 10, 2023, Plaintiffs' counsel filed a renewed motion to withdraw as counsel of record for Plaintiffs. (ECF No. 39). According to the motion, Plaintiffs' counsel notified Plaintiffs of the renewed motion on April 4, 2023. (ECF No. 39-1, p. 2). Plaintiffs' counsel also submitted a proof of service indicating that Plaintiffs were served with a copy of the motion via email. (ECF No. 39-3).

According to the declaration of Plaintiffs' counsel, Plaintiffs and Ms. James participated in a telephonic conference on March 28, 2023, as ordered by the Court. (ECF No. 39-1, p. 2). At

the time of the conference, Ms. James "thought that the discussion went well." (*Id.*) However, Plaintiffs' counsel found it necessary to renew her request to withdraw as counsel due to "subsequent events." (*Id.*) In her declaration, Plaintiffs' counsel states that "there has again been a lack of cooperations by Plaintiffs which has rendered it unreasonably difficult to carry out employment effectively." (*Id.*) As Ms. James describes,

> Specifically, I have been ready, willing and able to proceed with this litigation on behalf of plaintiffs, including locating and retaining an expert to meet the rebuttal expert designation deadline of May 19, 2023, regarding Defendant's expert, Dr. Posalski. However, plaintiffs have failed and refused to do what they agreed to do during the proceedings on March 24, 2023. Therefore, I have no choice but t resubmit my motion to be relived as counsel.

(ECF No. 39-1, p. 2-3). Accordingly, Plaintiffs' counsel's renewed motion argues that she should be permitted to withdraw as counsel of record for Plaintiffs under the Rules of Professional Conduct. (ECF No. 39, p. 2).

The Court issued an order setting an expedited briefing schedule for the renewed motion to withdraw. (ECF No. 40). The Court's order also stated that "[a]ll dates previously set, including Plaintiffs' rebuttal expert designation deadline of May 19, 2023, remain unchanged. If Plaintiffs require additional time given the motion to withdraw, they may file a motion to modify the schedule." (*Id.*)

On April 11, 2023, Plaintiffs filed an opposition to the renewed motion to withdraw. (ECF No. 41). Plaintiffs' opposition states that during the telephonic conference Plaintiffs' counsel refused to agree to depose a non-expert witness. (*Id.* at p. 1-2). Plaintiffs argue that it is their Fifth Amendment right to cross-examine this witness as they were present during the underlying incident at issue in Plaintiffs' complaint. (*Id.* at p. 2). Plaintiffs also state that they would like to depose a specific expert witness, Dr. Darla Mazoubi. (*Id.*) Plaintiffs state they have a contract with this expert witness, but that Ms. James is refusing to follow Plaintiffs' wishes. (*Id.*) Plaintiffs further allege that Plaintiffs' counsel is liable for breach of contract because Ms. James has not allowed Plaintiffs to pay via credit card even though Plaintiffs previously paid Ms. James via this method.[1] (*Id.* at 3). Finally, Plaintiffs state that Ms. James has not given notice to Plaintiffs of pertinent deadlines. (*Id.* at 4).

---

[1] Plaintiffs' opposition alleges various misconduct by Ms. James. However, the Court takes no position as to any claims Plaintiffs may have against Ms. James, which are not before this Court.

On April 11, 2023, Plaintiffs' counsel filed a supplemental declaration. (ECF No. 42). According to Ms. James,

> 3. I previously had CardPointe whereby I would take information from clients in order to charge their credit cards. This is what I used with Plaintiffs. I now use Paypal.
>
> 4. Plaintiffs have paid the court reporter for the deposition transcript of Defendant Courtney L. Mapes, M.D.
>
> 5. Contrary to Mr. Medina's representations, I have sent both of them my Paypal information to pay by credit card. They have both refused to use it.
>
> 6. I have never refused to depose anyone. However, when declarations are permissible, depositions are not necessary.
>
> 7. I have clearly stated that, if they were to resolve the credit card issue, I would continue with the case. However, again, they refuse to do so.

(*Id.* at p. 2).

## II.     LEGAL STANDARDS

Local Rule 182 provides that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court. L.R. 182(d). "Withdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California." *Id.* Under those rules, permissive withdrawal of an attorney is allowed when, among other things, a client "by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rule of Professional Conduct 1.16(b)(4).

Courts maintain the discretion to grant or deny a motion to withdraw as counsel. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). In considering such a motion, courts may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." L.R. 182(d).

## III.    DISCUSSION

According to the renewed motion, Plaintiffs' counsel seeks to withdraw as counsel of record for Plaintiffs due to Plaintiffs' lack of cooperation, which has made it unreasonably

4

difficult for Ms. James to represent Plaintiffs effectively. (ECF No. 39, p. 2).

Here, good cause exists to grant the motion to withdraw as counsel of record. Plaintiffs' counsel has established that she has been unable to effectively represent Plaintiffs due to disagreements regarding the direction of Plaintiffs' case and a breakdown of the attorney-client relationship. Plaintiffs' counsel cannot proceed with the case under the present circumstances. Further, although Plaintiffs oppose the motion, Plaintiffs' opposition further evidences a breakdown in the attorney-client relationship. (*See e.g.*, ECF No. 41). Additionally, given the procedural posture of this case, withdrawal will not result in prejudice to the other litigants, nor will it cause harm to the administration of justice and/or unduly delay the resolution of the case.

If Plaintiffs proceed with this case, they are advised that they are under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number pursuant to Local Rule 182(f) and 183(b).[2]

**V.   ORDER**

Based on the foregoing, IT IS ORDERED that:

1. The motion to withdraw as counsel (ECF No. 39) is granted and Patricia James of Miller & James, LLP is relieved as counsel of record for Plaintiffs Bradley Medina and Svetlana Krivencheva;

2. Upon termination, Ms. James must perform any and all duties as required by Rule of Professional Conduct 1.16(e), including the prompt release of client materials and property at the request of the client.

3. The Clerk of Court is directed to terminate Ms. James from the docket as counsel of record for Plaintiffs, substitute Bradley Medina and Svetlana Krivencehvas *pro se*, and update the docket with Plaintiffs' contact information:

   Bradley Medina and Svetlana Krivencheva
   3036 South Byrd Court
   Visalia, CA 93292

\\\
\\\

---

[2] The Court advises Plaintiffs that "[a]ll dates previously set, including Plaintiffs' rebuttal expert designation deadline of May 19, 2023, remain unchanged." (ECF No. 40). If Plaintiffs require additional time to retain new counsel or proceed in this case, Plaintiffs may file a motion to modify the schedule.

4. The Clerk of Court is further directed to serve Plaintiffs with a copy of this order.

IT IS SO ORDERED.

Dated:   **April 20, 2023**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE