UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY MEDINA, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>COURTNEY MAPES, M.D.,<br><br>Defendant. | Case No. 1:21-cv-00844-JLT-EPG<br><br>ORDER (1) DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE AND REQUIRING PLAINTIFFS TO EACH FILE INDIVIDUAL LONG FORM APPLICATIONS; (2) DIRECTING THE CLERK OF COURT TO SEND PLAINTIFFS LONG FORM APPLICATIONS; (3) DENYING MOTION TO APPOINT COUNSEL AND; (4) GRANTING EXTENSION AS TO EXPERT REBUTTAL DEADLINE<br><br>(ECF Nos. 44, 45). |

Plaintiffs, now proceeding *pro se*, have filed an application to proceed *in forma pauperis* (ECF No. 45), as well as a motion for the appointment of counsel (ECF No. 44). For the reasons that follow, the Court will deny Plaintiffs' application to proceed *in forma pauperis* without prejudice, deny Plaintiffs' motion for the appointment of counsel, and grant Plaintiff's request for an extension of the expert rebuttal deadline.

However, Plaintiffs are warned that no further extensions will be given absent good cause, and if Plaintiffs cannot find alternate counsel, they will have to proceed *pro se*. If Plaintiffs miss future deadlines, the case will be dismissed for a failure to prosecute and failure to obey a court

1

order.

## I. BACKGROUND

Plaintiffs Bradley Medina and Svetlana Krivencheva initiated this case by filing a complaint on May 25, 2021, alleging claims for medical negligence, lack of informed consent, and loss of consortium pursuant to 28 U.S.C. §§2671, et seq. (Federal Tort Claims Act). (ECF No. 1).

On April 21, 2023, the Court granted Patricia I. James's renewed motion to withdraw as counsel of record for Plaintiffs. (ECF No. 43). The Court found good cause to grant the motion to withdraw because Plaintiffs' counsel "established that she [was] unable to effectively represent Plaintiffs due to disagreements regarding the direction of Plaintiffs' case and a breakdown of the attorney-client relationship." (*Id.* at p. 5). The Court's order advised Plaintiffs that "[a]ll dates previously set, including Plaintiffs' rebuttal expert designation deadline of May 19, 2023, remain unchanged." (*Id.* at p. 5 n.2 (citing ECF No. 40)). Further, the Court indicated that should "Plaintiffs require additional time to retain new counsel or proceed in this case, Plaintiffs may file a motion to modify the schedule." (*Id.*)

## II. IFP APPLICATION

On May 26, 2023, Plaintiffs filed a motion to proceed *in forma pauperis*. (ECF No. 45). Because there are two main deficiencies with the IFP application, the Court will direct each Plaintiff to file a new and separate application.

First, while the application appears to be signed by both Plaintiffs, it only contains Plaintiff Medina's financial information. (ECF No. 45). Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). Without knowing each Plaintiff's financial circumstances, the Court cannot conclude that they are eligible to proceed *in forma pauperis*. Accordingly, the Court will require each Plaintiff to file a separate application containing only the individual Plaintiff's financial information. *See Remmert v. Newsome*, No. 1:23-CV-00050-ADA-HBK, 2023 WL 1806277, at

\*2 (E.D. Cal. Jan. 31, 2023) (requiring each Plaintiff to submit their own separate application if they wished to proceed IFP).

Second, because Plaintiffs' application does not currently provide sufficient information for the Court to conclude that they are entitled to proceed in this action *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Court will direct each Plaintiff to file a long form application to proceed *in forma pauperis*.

Accordingly, the Court will deny without prejudice Plaintiffs' application to proceed *in forma pauperis*.

### III. MOTION TO APPOINT COUNSEL

On May 26, 2023, Plaintiffs filed a motion requesting the appointment of counsel, stating that although Plaintiffs have contacted twenty-six law firms regarding representation, Plaintiffs have been given "various reasons" as to why they should "pursue this redress on [their] own." (ECF No. 44, p. 1). Plaintiffs assert that 28 U.S.C. § 1915(a) "empowers federal courts to make compulsory appointments of counsel in civil actions." (*Id.*)

Plaintiffs are incorrect about their right to counsel in civil actions. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request that an attorney represent an indigent party in a civil case. However, the appointment of counsel in a civil case is not a constitutional right, and the Court cannot require an attorney to represent a party. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998); *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). Without a reasonable method of securing and compensating counsel, the Court will seek the voluntary assistance of counsel only in the most serious and exceptional circumstances. *Rand*, 113 F.3d at 1525. In determining whether exceptional circumstances exist, "a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

As discussed above, the Court will deny without prejudice Plaintiffs' application to proceed *in forma pauperis.*

However, regardless of whether Plaintiffs are able to make the requisite financial showing

3

under 28 U.S.C. 1915(a), the Court will not order appointment of pro bono counsel. The Court has reviewed the record in this case, and at this time, the Court is unable to make a determination that Plaintiffs are likely to succeed on the merits of their claims. Moreover, it appears that Plaintiffs can adequately litigate their claims, as indicated by their ability to oppose Ms. James's motions to withdraw as counsel and their personal attendance at the motion for withdrawal hearing. (*See* ECF Nos. 33, 37, 41). While Plaintiffs' opposition to the motions to withdraw were ultimately unsuccessful, Plaintiffs have shown an ability to cogently articulate their position and advocate in favor of their case. Lastly, while Plaintiffs indicate they have been unsuccessful in obtaining counsel, Plaintiffs offer no developed argument for why the Court should appoint counsel in this case.

Accordingly, the Court will deny Plaintiffs' motion for appointment of counsel.

## IV. REQUEST TO MODIFY SCHEDULE

Plaintiffs' motion for appointment of counsel also includes a "motion for modification of court calendar." (ECF No. 44, p. 2). Plaintiffs request an extension of the expert rebuttal deadline, which passed on May 19, 2023. (*Id.*) Because Plaintiffs have been unsuccessful in their attempts to retain counsel, and will continue to proceed *pro se*, the Court finds good cause to extend the expert rebuttal deadline by thirty days. However, the Court advises Plaintiffs that all dates previously set, including the expert discovery deadline of July 14, 2023, remain unchanged.[1]

If Plaintiffs require additional time, Plaintiffs may file a motion to modify the schedule. However, the Court will only grant such motion for good cause, and will not extend the deadline again because Plaintiffs lack counsel. While Plaintiffs may continue to seek counsel, at this time and given the Court's order on the motion for appointment of pro bono counsel, they must proceed to litigate without counsel if they intend to proceed with this case. Otherwise, the case will be dismissed for a failure to prosecute and/or obey a court order.

\\\

---

[1] The remaining deadlines in the Court's amended scheduling order are as follows: Expert Discovery due by 7/14/2023; Dispositive motions filed by September 15, 2023; Pretrial Conference set for 1/22/2023 at 1:30 P.M. in Courtroom 4 (JLT) before District Judge Jennifer L. Thurston; and the Jury Trial set for 3/26/2024 at 8:30 A.M. in Courtroom 4 (JLT) before District Judge Jennifer L. Thurston. (ECF Nos. 21, 38).

**V.      ORDER**

Based on the foregoing, IT IS ORDERED as follows:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 45) is DENIED without prejudice;
2. The Clerk of the Court is directed to forward two copies of the *in forma pauperis* application (Long Form) to Plaintiffs;
3. Within **twenty-one (21) days** of the date of this order, Plaintiffs shall each file a separate long form application to proceed *in forma pauperis,* accurately, truthfully, and completely answering all questions if they wish to proceed *in forma pauperis*;
4. Plaintiffs' motion for appointment of counsel (ECF No. 44) is DENIED;
5. Further, the Court GRANTS Plaintiffs' request to modify the schedule (*see* ECF No. 44, p. 2), and extends the rebuttal expert designation deadline by thirty days, to July 6, 2023.

IT IS SO ORDERED.

Dated:   **June 6, 2023**                               /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE