1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11   BRADLEY MEDINA, *et al.*,                 | Case No. 1:21-cv-00844-JLT-EPG

12                       Plaintiffs,            | FINDINGS AND RECOMMENDATIONS
                                                | RECOMMENDING THAT PLAINTIFFS'
13           v.                                 | APPLICATIONS TO PROCEED *IN FORMA
                                                | PAUPERIS* BE DENIED
14   COURTNEY MAPES, M.D.,
                                                | (ECF Nos. 47, 48).
15                       Defendant.
                                                | OBJECTIONS, IF ANY, DUE WITHIN
16                                              | FOURTEEN DAYS

17

18           Plaintiffs Bradley Medina and Svetlana Krivencheva, proceeding *pro se*, filed an

19   application to proceed *in forma pauperis*. (ECF No. 45). As the Court found that Plaintiffs'

20   application did not provide sufficient information for the Court to determine if they were entitled

21   to proceed in this action without prepayment of fees and costs, it required Plaintiffs to fill out

22   separate long form applications containing each individual Plaintiff's financial information. (ECF

23   No. 46, pp. 2-3). On June 14, 2023, Plaintiffs filed separate applications as required. (ECF Nos.

24   47 & 48). For the reasons that follow, the Court recommends that Plaintiffs' applications to

25   proceed *in forma pauperis* be denied.

26           Notably, Plaintiffs filed their complaint along with the filing fee more than two years ago,

27   on May 25, 2021. (ECF No. 1). However, Plaintiffs' retained counsel recently withdrew from the

28   case. (ECF No. 43). Plaintiffs filed motions to proceed *in forma pauperis*, along with a motion for

appointment of counsel, shortly after withdrawal of counsel. The Court has already denied Plaintiff's motion for appointment of pro bono counsel. (ECF No. 46).

The right to proceed without prepayment of fees in a civil case is a privilege and not a right. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 n.2 (1993); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).

In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), many courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. *See C.C.R. v. Comm'r of Soc. Sec.*, No. 1:21-cv-0640-NONE-SAB. 2021 WL 2534461, at *1 (E.D. Cal. June 21, 2021); *Boulas v. United States Postal Serv*., No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to *in forma pauperis* application).

In the current application, Plaintiff Medina reports income of $980 per month. (ECF No. 47, p. 2). Plaintiff Medina also reports $2,760 in total monthly expenses. (*Id.* at p. 5). Plaintiff Medina's application states that he previously paid Attorney Patricia James $11,600 for services in connection with this case. (*Id.*) Plaintiff Krivencheva reports income of $3400 per month. (ECF No. 48, p. 2). Plaintiff Krivencheva also reports $4,360 in total monthly expenses. (*Id.* at p. 5). Plaintiff Krivencheva's application states that she previously paid Attorney Patricia James $9800 for services in connection with this case. (*Id.*) Both Plaintiffs indicate that they financially rely on and support one another as husband and wife. (ECF No. 47, p. 3; ECF No. 48, p. 3).

The 2023 Poverty Guidelines' threshold for a household of two within the 48 contiguous states is $2,465. 2023 Poverty Guidelines, https://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf (last visited June 28, 2023). Based on the information provided, Plaintiffs' combine household income of $4,380 is above the poverty level for a family of two.

Based on this income, the Court finds that Plaintiffs can afford remaining court costs in this case. Indeed, it is not clear what costs Plaintiffs believe will be covered by the Court if their

application were granted at this time. Section 1915(c) provides that in the case of parties qualifying as *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases," which includes service of process of witnesses. *See Teddy v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989). Here, however, Plaintiffs already paid the filing fee. Moreover, Defendant has already been served with process. Although it is possible that additional service fees could be incurred if the case goes to trial, such payments should be nominal and within Plaintiffs' reported means.[1]

Accordingly, IT IS RECOMMENDED that:

1. Plaintiffs' applications to proceed without prepayment of fees and costs (ECF Nos. 47 & 48) be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, Plaintiffs may file written objections to these findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 28, 2023**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

---

[1] As discussed in the Court's prior order denying Plaintiffs' motion to appoint counsel, even if Plaintiffs were granted *in forma pauperis* status, they would not be entitled to counsel paid for and appointed by the court in this civil case. (ECF No. 46, pp. 3-4) ("The Court has reviewed the record in this case, and at this time, the Court is unable to make a determination that Plaintiffs are likely to succeed on the merits of their claims. Moreover, it appears that Plaintiffs can adequately litigate their claims, as indicated by their ability to oppose Ms. James's motions to withdraw as counsel and their personal attendance at the motion for withdrawal hearing.").