1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   BRADLEY MEDINA, *et al.*,                    Case No. 1:21-cv-00844-JLT-EPG

12                    Plaintiffs,                 ORDER GRANTING PLAINTIFF LEAVE TO
                                                  SUPPLEMENT ITS OPPOSITION TO
13        v.                                      MOTION FOR SUMMARY JUDGMENT TO
                                                  SUBMIT AMENDED EXPERT REPORTS
14   COURTNEY L. MAPES, M.D.                      THAT COMPLY WITH THE FEDERAL
                                                  RULES OF CIVIL PROCEDURE WITHIN 30
15                    Defendant.                  DAYS

16                                                DEADLINE: May 17, 2024

17

18        Plaintiffs Bradley Medina and Svetlana Krivencheva proceed *pro se* on claims for medical

19   negligence, lack of informed consent, and loss of consortium against Defendant Courtney L.

20   Mapes, M.D. (ECF No. 1).

21        Defendant filed a motion for summary judgment on all claims, primarily arguing that the

22   undisputed facts demonstrate that Defendant did not breach the standard or care and that

23   Defendant's acts or omissions did not cause Plaintiff's injuries. (ECF No. 52). In opposition,

24   Plaintiffs submitted the expert report of Mark Needham, M.D., and the rebuttal expert report of

25   Daria Majzoubi, M.D. (ECF No. 62 at 46-50, 50-61). In reply, Defendant asks that those expert

26   reports be stricken for failing to comply with the Federal Rules of Civil Procedure governing

27   expert reports.  (ECF No. 63). Specifically, the Federal Rules requiring that expert reports be

28   sworn under penalty of perjury, *see* Fed. R. Civ. P. 56(c)(4), and that written expert report

                                                1

disclose certain categories of information, *see* Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). (*See id.*) In reply, Defendant argues Plaintiffs' expert reports are inadmissible because while they are signed, "[t]hey are not attached to a declaration or affidavit from the authors swearing under penalty of perjury as to the contents of the report," (*Id.* at 3). Defendant further argues that Dr. Majzoubi's expert rebuttal report should be stricken because it does not list "the facts or data considered in forming the opinions expressed therein," "fails to set forth any of Dr. Majzoubi's qualifications to render the opinions that she offers in the report," fails to "provide a list of other cases in which Dr. Majzoubi has testified in the previous four years," and "does not provide a statement of compensation."[1] (*Id.* at 6).

The Federal Rules of Civil Procedure provide that expert reports submitted at summary judgment must be sworn or otherwise properly subscribed under penalty of perjury. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); Rule 56 Advisory Committee's Note to 2010 Amendment ("[a] formal affidavit is no longer required" as "28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form *as true under penalty of perjury* to substitute for an affidavit.") (emphasis added).

Additionally, the Federal Rules of Civil Procedure state that expert reports must include the following information:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).

---

[1] Defendant also argues that Dr. Majzoubi's report should be excluded because it goes beyond the scope of rebutting the report of Defendant's causation expert, Irving Posalski, M.D. (*See* ECF No. 63 at 5).

2

Before ruling on the motion, in light of the fact that Plaintiffs proceed *pro se*, the Court will give Plaintiffs an opportunity to submit amended expert reports that comply with these rules, if Plaintiffs choose to do so. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 ("[T]he strong policy underlying the Federal Rules of Civil Procedure favor[s] decisions on the merits."); *Liebling v. Novartis Pharmaceuticals Corporation*, No. CV 11-10263 MMM (MRWx), 2014 WL 12576619, at *2 (C.D. Cal. Mar. 24, 2014) (citing cases) ("Courts have held, however, that a party can 'cure' the defect of an unsworn expert's report by proffering the sworn deposition or declaration of the expert."); *Beatbox Music Pty., Ltd. v. Labrador Entertainment, Inc.*, No. CV-17-61080-MWF (JPRx), 2020 WL 6468447, at * 8-9 (C.D. Cal., July 17, 2020) (allowing curative amended expert report to identify the basis and reasons for expert's opinions and "the facts, data, and exhibits he considered in forming those opinions"); *Johnson v. Sandy*, No. 2:12-cv-2922 JAM AC P, 2017 WL 1519328, at *4 (E.D. Cal. Apr. 27, 2017) (considering curative declarations signed under penalty of perjury at summary judgment after "it came to the court's attention that a number of the declarations that had been submitted by the parties, including plaintiff's and Cruzen's, were unsworn, and the parties were given an opportunity to cure the defects"); *Pierce v. CVS Pharmacy, Inc.*, No. CV 06-823-PHX-MHM, 2007 WL 2725228, at * 4 (D. Ariz. Sept. 17, 2007) (denying motion to strike and allowing plaintiff an opportunity to provide an amended Rule 26(a)(2)(B) expert report to "include Plaintiff's vocational expert's list of publications" and cure "Plaintiff's medical expert's report, which lacks the basis for his opinions on issues that go beyond those of a treating physician, including a historical account of multiple sclerosis and a statistical analyses of multiple sclerosis patients"); *Tsur v. Intel Corp.*, 848 F.Supp.3d 1292, 1304 (D. Ore. 2022) (considering declarations submitted in sur-reply that cured authentication deficiencies).

However, this is not an opportunity to modify or supplement the expert opinions in any way. It is solely an opportunity for Plaintiffs to submit expert reports that comply with the technical requirements of Federal Rule of Civil Procedure 56(c)(4) and 26(a)(2)(b).

Accordingly, IT IS ORDERED that, if Plaintiffs choose to do so, Plaintiffs may submit amended expert reports by ***no later than May 17, 2024***.

\\\

\\\

1         If Plaintiffs fail to submit amended expert reports by this deadline, the Court will issue

2    Findings and Recommendations regarding Defendant's motion for summary judgment based on

3    the record before it.

4
5    IT IS SO ORDERED.

6        Dated:   **April 18, 2024**               /s/ *Erica P. Grosjean*

7                                             UNITED STATES MAGISTRATE JUDGE