|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| BRADLEY MEDINA, *et al.*,<br><br>          Plaintiff,<br><br>     v.<br><br>COURTNEY L. MAPES, M.D.,<br><br>          Defendant. | Case No. 1:21-cv-00844-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT REPORTS AND MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(ECF No. 52 and 63-1). |

This case proceeds on Plaintiffs' complaint, dated May 25, 2021, which asserts claims for medical negligence, lack of informed consent, and loss of consortium against Defendant Courtney L. Mapes, M.D., a physician at a federal hospital that specializes in medical treatment for veterans.

On July 31, 2023, Defendant filed a motion for summary judgment. (ECF No. 52). On September 15, 2023, Plaintiffs filed an opposition to Defendant's motion, relying largely on medical expert opinions. (ECF No. 62). Defendant's reply objects to the expert reports submitted by Plaintiffs as not complying with Federal Rule of Civil Procedure 56 and asks the Court to strike the reports. (ECF No. 63).

Because Plaintiffs' expert reports did not comply with the Rule 56, in part because the expert declarations were not signed "under penalty of perjury," and because Plaintiffs were

proceeding *pro se*, the Court provided Plaintiffs an opportunity to cure the deficiency by filing amended expert reports that complied with the applicable requirements. (ECF No. 65). That order clearly explained what was needed to comply with Federal Rule of Civil Procedure 56.

On April 29, 2024, Plaintiffs filed amended expert reports. (ECF No. 66). However, Plaintiffs' amended expert reports failed to cure all issues identified in the Court's order. In particular, the amended expert reports were still not signed under penalty of perjury.

Thus, for the following reasons, the Court will recommend that Defendant's motion to strike Plaintiffs' expert reports be granted, and that Defendant's motion for summary judgment be granted.[1]

### I. PLAINTIFFS' ALLEGATIONS

On May 25, 2021, Plaintiffs filed a complaint alleging tort claims for medical negligence, lack of informed consent, and loss of consortium against the United States of America and Defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. §§2671, *et seq.*, based on medical care given at a federal hospital for veteran care.[2] (ECF No. 1).

Plaintiff Medina generally alleges that on February 8, 2019, he sought treatment from Defendant "due to redness and swelling from the top of his leg at the groin area to the knee and below the knee." (ECF No. 1 at 3). Plaintiff Medina alleges that Defendant incorrectly diagnosed him with a hamstring pull. (*Id.*) Plaintiff was "subsequently hospitalized two weeks later with severe pain, redness and swelling in his leg, which was diagnosed [as] necrotizing fasciitis that required surgery and resulted in a significant loss of issue." (*Id.*) Plaintiff Medina also alleges that Defendant failed to inform him of the "specific dangers, consequences and hazards involved in the care and treatment" performed by Defendant, and that, had Defendant informed Plaintiff Medina of these risks, Plaintiff would not have undergone the care and treatment. (*Id.* at 4). Plaintiff alleges that he has suffered physical injury, emotional distress, and mental suffering as a result of Defendant's tortious conduct. (*Id.* at 3-4).

Plaintiff Krivencheva alleges that, due to the physical and emotional injuries caused by

---

[1] The motion was referred to the undersigned by the assigned district judge for the preparation of findings and recommendations. (ECF No. 61).

[2] On November 17, 2021, the United States was dismissed pursuant to the parties' stipulation under Federal Rule of Civil Procedure 41(a)(1)(A). (ECF Nos. 13, 14).

Defendant's tortious conduct, Plaintiff Medina "has been unable to perform the necessary duties as a husband and the work and services usually performed in the care, maintenance and management of the family and home . . . and will be unable to perform such work, services, and duties in the future." (*Id.* at 4).

## II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. Defendant's Position

Defendant argues that she is entitled to summary judgment because did not breach the standard of care in treating Plaintiff Medina and because "there is nothing Dr. Mapes did or did not do that was, to a reasonable degree of medical probability, a substantial factor in causing harm or injury to Mr. Medina." (ECF No. 52-1 at 6-8). Defendant also argues that she had no duty to disclose information about non-recommended procedures because "competent medical practice did not require that Dr. Mapes recommend any of the other procedures Plaintiff may insist that he needed." (*Id.* at 9-11). Further, Defendant contends that Plaintiff Krivencheva's claim fails as a matter of law "[i]n the absence of tortious injury to Mr. Medina." (*Id.* at 11-12).

In support of her motion, Defendant submits the declaration of her medical expert, Richard A. Johnson, M.D., to establish that Defendant's care and treatment of Plaintiff complied with the applicable standard of care at all relevant times, including with respect to the disclosure of any risks associated with Defendant's recommended treatment. (ECF No. 52-3). Dr. Johnson generally asserts that, based on his review of Plaintiff Medina's treatment records and his own expertise and experience, Defendant's diagnostic impression that Plaintiff Medina suffered a muscle strain was reasonable. (*Id.* at 52-3 at 5-6). Dr. Johnson also asserts that, given Plaintiff Medina's reported history and Defendant's physical examination findings, "one would simply not suspect on February 8, 2019 that Mr. Medina had a serious infectious problem ongoing that required more significant workup and/or specialist referrals." (*Id.* at 6).

Defendant also submits the declaration of her causation medical expert, Irving Posalski, M.D., F.A.C.P. (ECF No. 52-4). Dr. Posalski's report opines that Plaintiff's infection was not treatable by oral antibiotics on February 8, 2019, due to its deep location in Plaintiff's leg, and thus, Plaintiff Medina would have required surgical debridement, irrigation, and IV antibiotics even if Defendant diagnosed him with an infection on February 8, 2019. (*Id.* at 5-6).

3

Defendant's expert declarations were signed under penalty of perjury.

**B.    Plaintiffs' Position**

Plaintiffs argue in their opposition that Defendant's motion for summary judgment should be denied because there are triable issues of fact as to the standard of care and causation. (*Id.* at 22-27). Plaintiffs further argue there is a triable issue of fact as to whether Plaintiff Medina presented to Defendant with symptoms that medically indicated more serious conditions, and thus, it is a dispute of fact whether Defendant breached her duty to inform Plaintiff of the risks associated with not undergoing further diagnostic procedures. (*Id.* at 27-30). Because there are triable issues of fact as to Plaintiff Medina's claims, Plaintiffs contend that Defendant is not entitled to judgment as a matter of law as to Plaintiff Krivencheva's loss of consortium claim. (*Id.* at 30-31).

In support of Plaintiffs' opposition, Plaintiffs submit the expert report of Mark Needham, M.D. (ECF No. 62 at 56-61). Dr. Needham's report generally asserts that Defendant violated the standard of care by not considering and ruling out a different, more serious, diagnosis, i.e., deep tissue infection. (*See id.*)

To rebut Dr. Posalski's expert report, Plaintiffs submit the report of Daria Majzoubi, M.D. (ECF No. 62 at 45-50).[3] Dr. Majzoubi's report asserts that, contrary to Dr. Posalski's opinion that Plaintiff Medina would have required hospitalization and surgical intervention even if he had been diagnosed with an infection on February 8, early antibiotic treatment would have prevented the infection from progressing to necrotizing fasciitis and Plaintiff Medina would have only required, at most, "a small drain." (*Id.* at 49). Dr. Majzoubi's report also generally criticizes Defendant's care and treatment of Plaintiff Medina and contains rebuttal regarding Dr. Johnson's report. (*Id.* at 46-48).

None of Plaintiff's expert reports were signed under penalty of perjury. (*See* ECF No. 62 at 50, 55, 61).

Plaintiffs also submit several photographs of Plaintiff Medina's right leg that "show its current physical and visual condition." (*Id.* at 2, 3-20).

---

[3] Plaintiffs' opposition includes a second copy of Dr. Majzoubi's rebuttal expert report. (ECF No. 62 at 51-55).

### III. SUMMARY JUDGMENT LEGAL STANDARD

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). If the moving party does so, "the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial," which is not a light burden, the party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322. Additionally, "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing the evidence at the summary judgment stage, the Court "must draw all

reasonable inferences in the light most favorable to the nonmoving party." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record . . . from which a reasonable inference . . . may be drawn"; the Court need not entertain inferences that are unsupported by fact. *Celotex*, 477 U.S. at 330 n. 2 (citation omitted). And "[t]he evidence of the non-movant is to be believed." *Anderson*, 477 U.S. at 255. In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties but is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

## IV.  DISCUSSION

### A.  Undisputed Facts[4]

Plaintiff Medina was treated by Defendant at Family Health Care Network on February 8, 2019. (SUF No. 3). Upon evaluating Plaintiff Medina, Defendant assessed that Plaintiff Medina had a strained muscle, fascia, and tendon of the posterior muscle group at the thigh level in his right thigh. (SUF No. 4). Defendant instructed Plaintiff Medina to ice his leg, referred him to physical therapy, and prescribed pain medication and crutches. (SUF No. 5). Plaintiff Medina did not present to Defendant for any further care or treatment after February 8, 2019. (SUF No. 6).

On February 23, 2019, Plaintiff Medina presented to the Maj Medical Clinic with complaints of pain and swelling in his right thigh. (SUF No. 7). Plaintiff Medina was diagnosed with cellulitis[5] and an abscess. (*Id.*) Plaintiff Medina was transported by ambulance to the emergency department at Kaweah Delta Medical center to rule out osteomyelitis[6]. (SUF No. 8). A CT scan was performed and showed fluid collection in the posterior right thigh. (SUF No. 9).

On February 25, 2019, Plaintiff Medina underwent an incision and debridement procedure. (SUF No. 10). The surgeon's post-operative diagnosis was "necrotizing soft tissue

---

[4] The facts set forth in this section are drawn from facts asserted by Defendant in her statement of undisputed facts that are explicitly undisputed by Plaintiffs. Although Plaintiffs have offered additional facts that purport to dispute Defendant's undisputed facts as set forth in this section, the Court finds that Plaintiff's additional facts do not create a relevant dispute of material fact.

[5] "Cellulitis refers to a bacterial skin infection." (Decl. of Dr. Posalski, ECF No. 52-4 at 4, n.2).

[6] "Osteomyelitis refers to bone infection/inflammation." (Decl. of Dr. Posalski, ECF No. 52-4 at 4, n.3).

infection and myositis[7]." (SUF No. 11). An additional procedure was performed on February 27, 2019. (SUF No. 12). Plaintiff Medina was hospitalized for intravenous antibiotic therapy and additional medical attention for diabetes and high blood pressure. (*Id.*) Plaintiff Medina was discharged from the hospital on March 7, 2019. (SUF No. 13).

### B. Legal Standards for Medical Malpractice

In an action brought under the FTCA, "the law of the state where the injury occurred is controlling." *Carlson v. Green*, 446 U.S. 14, 23. Under California law, "[t]he elements of a cause of action for medical malpractice are: (1) a duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of the duty; (3) a proximate causal connection between the negligent conduct and the injury; and (4) resulting loss or damage." *Chakalis v. Elevator Solutions, Inc.*, 205 Cal. App. 4th 1557, 1571 (2012); *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir. 1988).

The standard of care in a medical malpractice case "can be proven only by expert testimony." *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir. 1988) (citing *Landeros v. Flood*, 17 Cal.3d 399, 408 (1976)). "When a defendant moves for summary judgment and supports his motion with expert declarations that his conduct fell within the community standard of care, he is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence." *Munro v. Regents of Univ. of Cal.*, 215 Cal.App.3d 977, 984–85, 263 Cal.Rptr. 878 (1989); *Hutchinson*, 838 F.2d at 393 (holding that California's expert evidence requirement for medical malpractice cases "is equally applicable when a defendant moves for summary judgment under Federal Rule of Civil Procedure 56").

The requisite causal connection between a physicians' negligent conduct and a patient's claimed injuries is satisfied "when a plaintiff produces sufficient evidence to allow the jury to infer that in the absence of the defendant's negligence, there was a *reasonable medical probability the plaintiff would have obtained a better result*." *Espinosa v. Little Co. of Mary Hosp.*, 31 Cal. App. 4th 1304, 1314–15, 37 (1995) (citation and internal quotation marks omitted) (emphasis added). Demonstrating such causal connection requires a showing of a "reasonable medical

---

[7] "Myositis refers to any condition that causes inflammation in the muscles." (Decl. of Dr. Posalski, ECF No. 52-4 at 5, n.4).

probability based upon competent expert testimony." *Simmons*, 212 Cal. App. 3d at 702; *Jennings v. Palomar Pomerado Health Sys., Inc.*, 114 Cal. App. 4th 1108, 1118 (2003) ("The law is well settled that in a personal injury action causation must be proven within a reasonable medical probability based [on] competent expert testimony.").

### C.     Analysis of Parties' Expert Opinion Evidence

In her motion for summary judgment, Defendant submits the expert declaration of Dr. Johnson opining that Defendant did not violate the standard of care by diagnosing Plaintiff Medina with a muscle strain rather than an infection. Defendant also submits the declaration of Dr. Posalaski, who opines that Defendant did not do or fail to do anything that caused Plaintiff Medina's claimed injuries as Plaintiff Medina would have required surgical intervention and IV antibiotics even if he had been diagnosed with an infection by Defendant on February 8, 2019.

Defendant's expert declarations comply with Federal Rule of Civil Procedure 56, including that they are signed under penalty of perjury. (ECF No. 52-3 at 7; ECF No. 52-4 at 7).

Based on the foregoing, Defendant's evidence is sufficient to demonstrate that, absent other evidence, Plaintiff cannot meet his evidentiary burden of establishing his medical malpractice claim.

In Plaintiffs' opposition to Defendant's motion for summary judgment, Plaintiffs submitted two expert reports on the issues of medical malpractice and causation.

However, Defendant's reply asks that Plaintiff's expert reports both be stricken for failing to comply with the Federal Rules of Civil Procedure.[8] (ECF No. 63). Specifically, Defendant argues Plaintiffs' expert reports are inadmissible hearsay because while they are signed, "[t]hey

---

[8] Defendant additionally objects to Plaintiffs' photographic evidence as irrelevant because Plaintiffs do not use the photographs to support any of Plaintiffs' disputed facts. (ECF No. 63 at 6). The Court recommends that Defendant's request to strike Plaintiff's photographic evidence be granted. Plaintiffs' photographic exhibit is accompanied by the declaration of Plaintiff Medina and states the exhibit includes "relevant photographs of Plaintiff Bradley Medina's right leg that shows its current physical and visual condition." (ECF No. 62 at 2). However, Plaintiffs' motion does not explain the significance of these photographs or how they raise a triable issue of fact as to whether Defendant's acts or omissions met the standard of care or were the proximate cause of Plaintiff Medina's alleged injuries. Accordingly, Plaintiffs' photographic exhibit is not probative to the issues before the Court on summary judgment and should be stricken as irrelevant. *See Walker v. City of North Las Vegas*, 394 F.Supp.3d 1251, 1259 (D. Nev. 2019) (striking photographs not relevant to the questions presented to the court).

are not attached to a declaration or affidavit from the authors swearing under penalty of perjury as to the contents of the report," as required by Rule 56(c)(4). (*Id.* at 3). Because Plaintiffs' expert reports are inadmissible, Defendant contends the material contained in the reports cannot be used to create a triable issue of fact. (*Id.* at 4).

Defendant further argues that Dr. Majzoubi's expert rebuttal report should be stricken because it does not list "the facts or data considered in forming the opinions expressed therein," "fails to set forth any of Dr. Majzoubi's qualifications to render the opinions that she offers in the report," fails to "provide a list of other cases in which Dr. Majzoubi has testified in the previous four years," and "does not provide a statement of compensation," as required by Rule 26(1)(2)(B) (*Id.* at 6). Defendant also argues that Dr. Majzoubi's report should be excluded because it goes beyond the scope of rebutting the report of Defendant's causation expert, Irving Posalski, M.D. (*Id.* at 5).

A party asserting that a fact is genuinely disputed "must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56." *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001).

Rule 56 further provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The advisory committee notes further explain that, "[a] formal affidavit is no longer required" as "28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true *under penalty of perjury* to substitute for an affidavit." Fed. R. Civ. P. 56(c)(4) advisory committee's note to 2010 amendment (emphasis added).

In light of Plaintiffs' *pro se* status, the Court gave Plaintiffs an opportunity to cure the deficiencies in their expert reports by submitting amended expert reports in support of their

opposition. (ECF No. 65). The Court's order provided the applicable legal standards for expert reports, including that "expert reports submitted at summary judgment must be sworn or otherwise properly subscribed under penalty of perjury." (*Id.* at 65) (internal citations omitted).

On April 29, 2024, Plaintiffs submitted amended expert reports for Dr Majzoubi and Dr. Needham. (ECF No. 66). While these amended reports cured some of the deficiencies identified by Defendant and the Court, they are still not signed under penalty of perjury or attached to a sworn declaration or affidavit by either Dr. Majzoubi or Dr. Needham. (*See* ECF No. 66 at 1, 6, 16) Further, the record does not contain any deposition testimony from either expert that verifies the statements made in their reports. The amended expert reports thus do not comply with the Federal Rules of Civil Procedure.

Accordingly, the Court will recommend that Defendant's motion to strike Plaintiffs' expert reports be granted because neither the submitted expert reports nor amended expert reports comply with Federal Rule of Civil Procedure 56. *See Nash-Perry v. City of Bakersfield*, No. 1:18-cv-01512-JLT, 2021 WL 3883681, at *6 (E.D. Cal. Aug. 31, 2021) (citing cases) ("It is well-established within the Ninth Circuit that unsworn expert reports cannot be used to create a triable issue of fact for purposes of summary judgment."); *King Tuna, Inc. v. Anova Food*, Inc., 2009 WL 650732, *1 (C.D. Cal. Mar. 10, 2009) ("unsworn expert reports are not admissible to support or oppose summary judgment and that to be competent summary judgment evidence, an expert report must be sworn to or otherwise verified, usually by a deposition or affidavit").

Moreover, without expert opinion regarding the standard of care and causation, Plaintiffs fail to raise a genuine dispute of material fact that Defendant was negligent because she violated the standard of care and caused Plaintiff Medina's injuries. The Court thus recommends granting summary judgment as to Plaintiff Medina's claim for medical malpractice. *See Hutchinson*, 838 F.2d 390 at 393 ("[S]ince California medical malpractice law applies, when the defendant supports [their] motion for summary judgment with the declarations of experts, a plaintiff who has presented no expert evidence concerning the required standard of care has failed to make a sufficient showing that there are genuine factual issues for trial."); *see also Robinson v. Kaweah Delta Hosp.*, No. CV F 09-1403 LJO GSA, 2010 WL 4644414, at *6 (E.D. Cal. Nov. 5, 2010) (granting summary judgment on medical malpractice claim in favor of defendant based on

plaintiff's lack of expert opinion evidence regarding duty and causation after plaintiff failed to satisfy expert disclosure requirements); *Turner v. United States*, No. 06-CV-1236 JLS (POR), 2009 WL 10672229, at * 3 (C.D. Cal. May 5, 2009) (granting summary judgment on negligence claim in favor of defendant after plaintiff failed to produce any evidence to rebut defendant's expert's opinion testimony that defendant met the standard of care); *Martinez-Montello v Target Corp.*, No. 2:21-cv-02114-CDS-VCF, 2023 WL 662124, at * 3 (D. Nev. Oct. 11, 2023) (granting summary judgment of negligence claim in favor of defendant after finding plaintiff's unsworn expert report was inadmissible to create a triable issue of fact as to whether defendant breached any duty).

### D. Lack of Informed Consent

Defendant also argues that she is entitled to summary judgment on Plaintiff Medina's lack of informed consent claim because Plaintiff Medina cannot establish, as a matter of law, that Defendant owed a duty to advise Plaintiff of the risks of treatment (or the risks of not undergoing such treatment) that she did not recommend. In opposition, Plaintiff argues that the standard of care required Defendant to disclose the risks of not undergoing further treatment and testing, regardless of whether Defendant believed such procedures "were medically indicated." (ECF No. 62 at 30).

Under California law, "a physician has a duty to disclose to the patient all material information—that is, information which the physician knows or should know would be regarded as significant by a reasonable person the patient's position when deciding to accept or reject a recommended medical procedure—needed to make an informed decision regarding a proposed treatment." *Arato v. Avedon*, 5 Cal.4th 1172, 1186 (1993) (internal quotation marks omitted); *v. Grant*, 8 Cal.3d 229, 243 (1972) ("[T]here is a duty of reasonable disclosure of the available choices with respect to proposed therapy and the danger inherently and potentially involved in each."). "There must be a causal relationship between the physician's failure to inform and the injury to the plaintiff. Such causal connection arises only if it is established that had revelation been made consent to treatment would not have been given." *Cobbs v. Grant*, 8 Cal.3d 229, 245 (1972). The test for causality is objective, i.e., "what would a prudent person in the patient's position have decided if adequately informed of all significant perils." *Id.*

Material disclosures include information regarding the danger of failing to undergo diagnostic testing. *Truman v. Thompson*, 27 Cal.3d 285, 293-95 (1980). "California courts have made clear that a *Truman* duty to disclose is not triggered until the physician actually recommends a treatment or a diagnostic procedure to the patient." *Edmunds, ex rel. Edmunds v. Pattachinda*, 1999 WL 170777, at *1 (9th Cir. Mar. 23, 1999) (citing *Vandi v. Permanente Med. Group, Inc.*, 7 Cal. App.4th 1064, 1068-69 (1992); *Scalere v. Stenson*, 211 Cal.App.3d 1446, 1450 (1989)); *see also Parris v. Sands*, 21 Cal.App.4th 187 193 (1993) ("Generally, appellate courts have rejected a general duty of disclosure concerning a treatment or procedure a physician does not recommend."); *Jamison v. Lindsay*, 108 Cal.App.3d 223, 231 (1980) ("Negligent failure to advise a patient to pursue a potentially necessary course of treatment is actionable under ordinary medical negligence standards.").

Here, Plaintiff Medina's theory of liability based on Defendant's alleged failure to disclose the risks of not undergoing further diagnostic testing or to disclose alternative treatments is "only actionable under ordinary negligence standards." *Edmunds, ex rel. Edmunds*, 1999 WL 170777, at *1 (citing *Vandi*, 7 Cal.App. 4th at 1070 ("If the procedure is one which should have been proposed, then the failure to recommend it would be negligence under ordinary medical negligence principles and there is no need to consider an additional duty of disclosure.")); *see also Spann v. Irvin Memorial Blood Centers*, 34 Cal.App.4th 644, 658 (1995) (quoting *Vandi*, 7 Cal.App.4th at 1071) ("A physician must disclose alternative treatments only to the extent it is required 'for competent practice within the medical community.'").

As the Court has found Plaintiff Medina's expert reports should be stricken, Plaintiff Medina fails to provide any evidence that the standard of care required Defendant to disclose the risks of non-recommended treatment or alternative treatments that were not medically indicated.

Accordingly, the Court recommends that summary judgment be granted as to Plaintiff Medina's lack of informed consent claim.

### E. Loss of Consortium

"A cause of action for loss of consortium is, by its nature, dependent on the existence of a cause of action for tortious injury to a spouse." *Hahn v. Mirda,* 147 Cal.App.4th 740, 746 (2007).

"[I]t stands or falls based on whether the spouse of the party alleging loss of consortium has suffered an actionable tortious injury." *Id.*

Because the Court recommends that summary judgment be granted as to Plaintiff Medina's tort claims, the Court also recommends that summary judgment be granted as to Plaintiff Krivencheva's loss of consortium claim.

## V. CONCLUSION & RECOMMENDATION

Based on the foregoing, IT IS RECOMMENDED that:

1. Defendant's motion to strike (ECF No. 63-1) be GRANTED as follows:

    a. Plaintiffs' photographic exhibit be stricken as irrelevant; and

    b. Plaintiffs' original and amended expert reports submitted in opposition to summary judgment be stricken for failure to comply with Federal Rule of Civil Procedure 56(c)(4).

2. Defendant's motion for summary judgment (ECF No. 52) be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within thirty (30) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __May 22, 2024__         /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE

13