UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BRADLEY MEDINA and SVETLANA KRIVENCHEVA,<br><br>Plaintiffs,<br><br>v.<br><br>COURTNEY L. MAPES, M.D.,<br><br>Defendant. | Case No. 1:21-cv-00844-JLT-EPG<br><br>ORDER GRANTING DEFENDANT COURTNEY L. MAPES' MOTIONS IN LIMINE<br><br>(Doc. 102) |
|---|---|

**STANDARD OF DECISION**

"[T]he Federal Rules of Evidence do not explicitly authorize in limine rulings, [but] the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). Motions *in limine* are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). The Ninth Circuit explains, motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." *Brodit v. Cabra*, 350 F.3d 985, 1004-05 (9th Cir. 2003) (citations omitted). Accordingly, a party may file a motion *in limine* to exclude inadmissible or prejudicial evidence before the evidence is introduced at trial. *See Luce*, 469 U.S. at 40 n.2. However, "a motion in limine should not be used to resolve factual disputes or weigh evidence," *C & E Services, Inc. v. Ashland Inc.*, 539 F.

1

1  Supp. 2d 316, 323 (D. D.C. 2008), as such an inquiry usurps the role of the jury. *See Reeves v.*

2  *Sanderson Plumbing Products*, 530 U.S. 133, 150 (2000).

3  Moreover, "[t]he movant has the burden of establishing that the evidence is not admissible

4  for any purpose." *United States v. Wager*, 651 F. Supp. 3d 594, 598 (N.D.N.Y. 2023) (citation

5  omitted).[1] To satisfy its burden, the movant "must identify the evidence at issue and state with

6  specificity why such evidence is inadmissible." *United States v. Lewis*, 493 F. Supp. 3d 858, 861

7  (C.D. Cal. 2020). Otherwise, the Court disfavors "[m]otions in limine that seek exclusion of

8  broad and unspecific categories of evidence," *Jackson v. Cnty. of San Bernardino*, 194 F. Supp.

9  3d 1004, 1008 (C.D. Cal. 2016) (citation omitted). Essentially, non-specific, vague, and

10 boilerplate motions *in limine* are prohibited. *Nichia Corp. v. Feit Elec. Co., Inc.*, No. CV 20-359-

11 GW-EX, 2022 WL 17885683, at *2 (C.D. Cal. Nov. 29, 2022); *Banga v. Kanios*, No. 16-CV-

12 04270-RS, 2021 WL 4133754, at *3 (N.D. Cal. Sept. 10, 2021).

## DISCUSSION

14 The Pretrial Order (Doc. 99), set forth the deadlines for filing and opposing motions in

15 limine. Plaintiffs did not file motions in limine, but Defendant filed eight motions in limine (*see*

16 *generally* Doc. 102). Plaintiffs opposed Defendant's Motion in Limine No. 6, which seeks to

17 exclude or limit Plaintiffs' rebuttal expert testimony. (*See generally* Doc. 106.) A district court

18 may grant, deny, or defer a motion in limine, including when the motion is unopposed, and may

19 independently revisit its ruling at trial. *See Luce*, 469 U.S. at 41-42.

20 **A.    Defendant's Motion in Limine No. 1**

21 Defendant moves to preclude "Plaintiffs, and through them any witness from making any

22 inquiry, comment, or argument before the jury" suggesting the "jurors should base Plaintiffs'

23 damages, if any, on an amount [the] jurors would charge to endure similar injuries or to imagine a

24 loved one in Plaintiffs' position when calculating damages." (Doc. 102 at 2.) Defendant relies on

---

[1] For additional authority regarding the movant's burden, *see also Beasley v. Wells Fargo Bank, NA*, 570 F. Supp. 3d 1131, 1133 (M.D. Fla. 2021) (citation omitted); *Wilder v. World of Boxing LLC*, 220 F. Supp. 3d 473, 478–79 (S.D.N.Y. 2016) (citation omitted); *United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016); *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (citation omitted); *United States v. Goodale*, 831 F. Supp. 2d 804, 808 (D. Vt. 2011); *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (citation omitted); *Wilson v. Pepsi Bottling Grp.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009) (citation omitted); *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994).

1  Federal Evidence Rule 403 arguing "such argument is prohibited and will create a substantial
2  danger of undue prejudice." (*Id.*)  Moreover, such an argument, frequently called the "Golden
3  Rule," has been universally condemned because it encourages jurors to depart from neutrality and
4  decide the case based on personal interest and bias rather on the evidence.  (*Id.* at 3, citing *Loose*
5  *v. Offshore Navigation, Inc.*, 670 F.2d 493, 496 (5th Cir. 1982).)

6        The Ninth Circuit defines a "Golden Rule" argument as "a suggestion to the jury by an
7  attorney that the jurors should do unto others ... as they would have others do unto them." *Minato*
8  *v. Scenic Airlines, Inc.*, 908 F.2d 977, at *5 (9th Cir. 1990).  Courts have found Golden Rule
9  arguments to be improper, because "a jury which has put itself in the shoes of one of the parties is
10 no longer an impartial jury." *Id.* at *6.  Thus, the "majority of circuit courts prohibit Golden Rule
11 arguments on the issue of damages." *Brewer v. Leprino Foods Co., Inc.*, No. 16-1091, 2019 WL
12 3208193, at *6 (E.D. Cal. 2019); *see also Hardesty v. Sacramento Metro. Air Quality Mgmt.*
13 *Dist.*, No. 2:10-CV-02414KJMKJN, 2023 WL 4564748, at *4 (E.D. Cal. 2023).  Accordingly, to
14 the extent Defendant seeks to preclude Plaintiffs from making "Golden Rule" arguments on the
15 issue of damages, the Court **GRANTS** Defendant's Motion in Limine No. 1.

16 **B.**    **Defendant's Motion in Limine No. 2**

17       Defendant moves to preclude evidence of Defendant's liability insurance under Rule 411
18 asserting, "Evidence that a person was or was not insured against liability is not admissible upon
19 the issues of whether the person acted negligently or otherwise wrongfully." (Doc. 102 at 3.)
20 Defendant also relies on Rules 403 and 401 arguing the probative value of such evidence "is
21 substantially outweighed . . . ." and irrelevant because "[t]he existence of liability insurance is not
22 a fact of consequence in determining whether or not [Defendant] was deliberately indifferent to a
23 serious medical need of [P]laintiff such that it rises to the level of a civil rights violation pursuant
24 to 42 USC 1983." (*Id.*)  Lastly, Defendant contends "public policy" requires the evidence's
25 preclusion because "insurance polices . . . cannot indemnify for civil rights violations" and
26 "Plaintiffs lack foundation to infer or allege that should a jury award damages against
27 [Defendant], said damages would be covered under any theoretical liability insurance coverage."
28 (*Id.*)

3

1    Rule 411 specifically states "[e]vidence that a person was or was not insured against
2    liability is not admissible to prove whether the person acted negligently or otherwise wrongfully."
3    Fed. R. Evid. 411.  The evidence Defendant seeks to exclude falls squarely within the purview of
4    Rule 411.  Moreover, Plaintiffs have not contested the motion. Accordingly, the Court **GRANTS**
5    Defendant's Motion in Limine No. 2.

6    **C.    Defendant's Motion in Limine No. 3**

7    Defendant moves to exclude testimony and/or evidence "concerning any other lawsuits in
8    which Defendant, or [its] professional medical entity, may have been named as a defendant."
9    (Doc. 102 at 4.)  Defendant also requests the Court preclude any testimony implying "Defendant
10   (or her medical entity) is currently or in the past has been a party to any lawsuit." (*Id.*)
11   Defendant argues the evidence and/or testimony is irrelevant to the issues and "substantially
12   outweighed by the danger of unfair prejudice." (*Id.*)  Defendant further explains, "even if [the
13   evidence is] remotely relevant," admitting such evidence "would improperly confuse the jury."
14   (*Id.*)  In addition, Defendant cites Rules 404, 406, and 608 as support arguing, Rule 404(a)(1)
15   "prevents the use of character evidence or a character trait to prove that on a particular occasion"
16   Defendant "acted in accordance with that character or trait." (*Id.* at 4.)  Therefore, "[r]eference to
17   or evidence of other lawsuits filed against [Defendant] Dr. Mapes or her medical entity cannot be
18   used to prove motive, opportunity, intent, preparation, plan, knowledge, identify, absence of
19   mistake or lack of accident." (*Id.*)  Defendant explains, "[t]he fact that other lawsuits may have
20   been filed against [Defendant] is not relevant" and does not "have a tendency to prove or disprove
21   whether or not [Defendant] committed medical malpractice." (*Id.*)  Moreover, "the filing of other
22   lawsuits against Dr. Mapes cannot establish a habit" because the term, "habit," means "one's
23   regular response to a repeated specific situation." (*Id.* citing Fed. R. Evid. 406.)  Accordingly,
24   whether "Dr. Mapes may have been a defendant in prior litigation" does not establish "that her
25   acts with regard to a certain habit with other patients or that she acted with a habit in connection
26   with the care and treatment rendered to [P]laintiff." (*Id.*)  Defendant asserts a similar argument
27   under Rule 608 contending "[p]rior lawsuits do not establish against [Defendant] or her medical
28   entity" do not establish "any kind of pattern, practice or habit of treating patients in any particular

4

1  fashion." (*Id.*) The Court agrees that this evidence may not be admitted to prove liability.

2  Implicitly, plaintiffs agree that there is no other proper purpose for this evidence, through their

3  failure to oppose the motion. Thus, Defendant's Motion in Limine No. 3 is **GRANTED**.

### D. Defendant's Motion in Limine No. 4

Defendant's Motion in Limine No. 4 requests the Court "to prevent mention, directly or indirectly, concerning the wealth or economic condition of Defendant" on the grounds of such evidence being irrelevant. Defendant asserts "Dr. Mapes' wealth or economic condition does not prove any elements of a claim of Medical Negligence." (Doc. 102 at 5.) Moreover, "there has been no discovery conducted to date by either party on the issue of [Defendant's] wealth or economic condition." (*Id.*)

The Court agrees that this evidence may not be admitted to prove liability. Again, it appears that plaintiffs agree that there is no other proper purpose for this evidence, through their failure to oppose the motion. Thus, Defendant's Motion in Limine No. 4 is **GRANTED**.

### E. Defendant's Motion in Limine No. 5

Defendant argues "Plaintiffs should be barred from offering evidence" of "prior settlement offers made in this case" because Rule 408(a)(1) "prohibits admission of any settlement offer to plaintiffs to establish the validity of a disputed claim, absent certain statutory exceptions [, which are inapplicable] herein." (Doc. 102 at 5.) Defendant also cites Rule 408(a)(2) asserting the Rule's broader scope supports excluding the evidence. (*Id.* ("Further, Federal Rule of Evidence 408(a)(2) is even broader and states that no evidence of conduct or statements made during compromise negotiations about a party's claim are admissible in a civil lawsuit.").)

Under Rule 408, evidence of both "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—valuable consideration in compromising or attempting to compromise a claim" and "conduct or a statement made during compromise negotiations about the claim" is "not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). Moreover, "an offer of settlement can be of no legal relevance as to the offeror's liability, irrespective of whether the offer was made in the instant case or in a related

5

1  case." *Green v. Baca*, 226 F.R.D. 624, 641 (C.D. Cal. 2005).  The Court **GRANTS** Defendant's
2  Motion in Limine No. 5.

### F.      Defendant's Motion in Limine No. 6

Defendant moves to exclude or limit "the scope of the opinions from [P]laintiff's designated rebuttal expert, Daria Majzoubi, M.D.," asserting Dr. Majzoubi's "proposed testimony exceeds the permissible scope of a rebuttal expert witness." (Doc. 102-1 at 1.)  Defendant explains, "Plaintiffs were given leave . . . to designate Dr. Majzoubi strictly to rebut the opinions of Defendant's Infectious Disease expert as it relates to issues of medical causation presented in this case [;]" however, "Dr. Majzoubi's report testimony focuses nearly entirely on the issue of standard of care" and "goes beyond the scope of her designation as rebuttal expert in this case." (*Id.* at 1-2.)  Defendant also argues "any testimony from Dr. Majzoubi regarding the standard of care is cumulative" because the testimony of Plaintiff's expert, Mark Needham, M.D., provides "standard of care opinions." (*Id.* at 2.)  Defendant contends "permitting such duplicative testimony is unfairly prejudicial and will lead to undue delay and potentially mislead and confuse the jury." (*Id.*)  "To the extent Dr. Majzoubi attempts [] to proffer new opinions rebutting Dr. Posalski's opinions on medical causation," Defendant contends "such opinions should be excluded [because] they were not properly set forth in her report." Defendant also asserts Dr. Majzoubi "is not qualified to render rebuttal opinions to those set forth by Defendant's Infectious Disease expert," because she is not an Infectious Disease expert. (*Id.*)  Defendant grounds its arguments in Federal Civil Procedure Rules 26 and 37 and attaches the Declaration of Alan J. Mish with Exhibits A-D to its motion. (*Id.*)

Plaintiffs do not address Defendant's arguments regarding the permissibility and scope of Dr. Majzoubi's rebuttal expert testimony or directly dispute improper disclosure of Dr. Majzoubi's rebuttal expert testimony. (*See* Doc. 106 at 1 ("Dr. Majzoubi was consulted on the veracity of this case prior to filing.").)  Plaintiffs also fail to address Defendant's Rule 702 arguments regarding expert Dr. Majzoubi's qualification "to render opinions regarding causation as it relates to the field of Infectious Disease." (*See* Doc. 102-1 at 9.)  Instead, Plaintiffs focus on the harm of the proposed exclusion asserting Dr. Majzoubi's testimony is "the best evidence . . .

6

for res judicata" and argue "precluding Dr. Majzoubi's expert report and factual testimony would be highly prejudicial." (Doc. 106 at 1.) Plaintiffs note Defendant's ability to present an expert report undermining its prima facie case to convey the prejudicial harm of excluding the testimony while emphasizing its probative value. Plaintiffs state the testimony "can assist" the jury in determining "who is ultimately the [] cause in fact of [its] injuries." (*Id.* at 2.)

### 1. Dr. Majzoubi Expert Rebuttal Testimony

Defendant requests the Court exclude and/or limit Dr. Majzoubi's rebuttal expert testimony on the grounds of the testimony exceeds the scope of permissible rebuttal testimony and constitute "either untimely disclosed initial expert opinions or improper sur-related rebuttal." (Doc 102-1 at 6.). As previously stated, Plaintiffs respond only to Defendant's Motion in Limine No. 6 asserting "Dr. Majzoubi was consulted on the veracity of this case prior to filing" as "a treating physician." (*See* Doc. 106 at 2.) Thus, Plaintiffs do not directly dispute the failure to disclose this expert timely. Instead, Plaintiffs contend Dr. Majzoubi can "offer the Court direct evidence as well as expert testimony" and "believe Dr. Majzoubi's testimony is the best evidence in this trial for res judicata." (*Id.*) Plaintiffs argue "precluding Dr. Majzoubi's expert report and factual testimony would be highly prejudicial," because Defendant "has an expert report and [Dr. Majzoubi's] testimony is highly probative." (*Id.*)

The Court liberally construes Plaintiffs' Opposition as asserting Fed. R. Evid. 401 arguments. In other words, Plaintiffs appear to weigh the FRE 401 balancing factors in explaining the testimony's probative value. Plaintiffs state, "On balance, Dr. Majzoubi can [provide] the court and the trier of fact factual testimony as well as opinions on Plaintiffs' prima facie case [because] Dr. Majzoubi has personal knowledge of all the tortious elements of medical malpractice and who is ultimately the . . . cause in fact of Plaintiffs' injuries." (*Id.*) Plaintiffs contend admitting Dr. Majzoubi's testimony and report "will not confuse issues extending to the trier of fact." (*Id.*) Similarly, Plaintiffs' indirect acknowledgment of improper disclosure is liberally construed. Plaintiffs contend Dr. Majzoubi's expert report and causation testimony is essential to its case and precluding it would be unfair. However, Plaintiffs fail to explain why.

They timely disclosed Dr. Needham as an expert. Dr. Needham's report indicates he

intends to testify as to the standard of care. Thus, Dr. Majzoubi's testimony, though different in tone, is not different in substance. Thus, even had Plaintiffs timely disclosed Dr. Majzoubi, both she and Dr. Needham would not be permitted to testify because it would be cumulative and, therefore, a waste of time. Fed. Rules Evid. 403.

By no stretch of the imagination can Dr. Majzoubi's designation be called rebuttal testimony. She speaks to standard of care only, which is an issue Plaintiffs must prove in their case in chief. The fact that Dr. Majzoubi disagrees with the defense experts does not make her a rebuttal expert. Moreover, her comments about Dr. Polaski's testimony are speculative. For example, she supposes that Dr. Polaski's opinion that the leg was "grossly normal" would be incorrect "if the patient's pants were not removed for a proper exam." (Doc. 102-2 at 61); consequently, Dr. Majzoubi is not a proper rebuttal expert[2].

Plaintiffs also assert Defendant would not suffer any prejudice or unfairness because Defendant has retained an expert and expert report. The Court construes Plaintiffs' assertion as an argument under Rule 37(c)(1). In relevant parts, Rule 26(a)(2) provides,

> In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> A party must make these disclosures at the times and in the sequence

---

[2] The fact that she disagrees with the defense's experts does not make her a rebuttal expert. Moreover, her comments about Dr. Polaski's testimony are speculative. For example, she supposes that Dr. Polaski's opinion that the leg was "grossly normal" would be incorrect "if the patient's pants were not removed for a proper exam." (Doc. 102-2 at 61) However, apparently, Dr. Majzoubi has no idea whether this is the case. It appears she reviewed only the treatment note prepared by the defendant and the reports of the defense experts and no other records from this case.

> that the court orders. Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Court does not find the failure to designate Dr. Majzoubi timely to be "substantially justified or harmless." The Court granted Plaintiffs several extensions solely for the purpose of designating a rebuttal expert to respond to the opinions of Defendant's retained Infectious Disease expert, Dr. Posalski, but they did not do so. Also, Plaintiffs fail to provide the Court any explanation or argument relating to untimely/improper disclosure. Accordingly, the Defendant's Motion in Limine No. 6 is **GRANTED**.

**G.     Defendant's Motion in Limine No. 7**

Defendant moves to preclude Plaintiffs from "introducing or mentioning evidence relating to testimony from an undisclosed economist expert witness . . . regarding ongoing economic damages." (Doc. 102-3 at 1.) Defendant contends Plaintiffs "misused the discovery process by failing to timely disclose the identity of their proposed expert witness and the subject matter of the witness's anticipated testimony" and allowing undisclosed expert testimony "would result in unfair surprise and cause significant and undue prejudice to the Defendant." (*Id.* at 1-2 citing Fed. Civ. P 26(a).) Defendant also argues "Federal Rule of Evidence 403 justifies the preclusion of . . . untimely disclosed expert's testimony" because "[it] will likely confuse and mislead the jury and the unfair surprise in the delayed disclosure will unfairly prejudice the Defendant." (*Id.* at 4.)

A party is not allowed to use undisclosed information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  Plaintiffs do not oppose or proffer an explanation for the untimely

1  disclosure.  For this reason, the Court agrees with Defendant and finds "the Plaintiffs failed to
2  identify the expert witness prior to the deadlines set by this Court" and "[t]o allow an undisclosed
3  expert witness to testify to ongoing damages that were not a part of any previous expert testimony
4  would unfairly prejudice the Defendant." (Doc. 102-3 at 7.)  Accordingly, the Court **GRANTS**
5  Defendant's Motion in Limine No. 7.

6  **G.      Defendant's Motion in Limine No. 8**

7  Defendant requests "an order *in limine* permitting Defendant to introduce" the deposition
8  testimony given by Bradley Medina in a personal injury action filed in the Superior Court of the
9  State of California against Target Corporation.  The deposition testimony given by Plaintiff
10 Medina on May 9, 2023, in *Bradley Medina v. Target Corporation, et al.*, Case No. VCU292198.
11 (Doc. 102-5 at 1.)  Defendant asserts "the testimony is directly relevant to both the cause and
12 extent of Plaintiff [Medina's] alleged injuries and contradicts his current theory of liability against
13 Dr. Mapes." (*Id.* at 3.)  Defendant explains, "in a personal injury lawsuit [Medina] filed against
14 Target Corporation—Plaintiff [Medina] attributed the cause of" the alleged injuries to "a fall he
15 sustained in a Target parking lot in June of 2021." (*Id.*)  In other words, "plaintiff testified under
16 oath that the same injuries—pain in the right leg, hamstring, calf, lower extremity in general, and
17 emotional distress—were caused by his fall in the parking lot." (*Id.* at 8.) Defendant's motion is
18 made pursuant to the provisions of Federal Rules of Civil Procedure 32 and Federal Rules of
19 Evidence 801(d)(1)-(2).  (*Id.* at 2.)  Defendant also makes relevancy arguments under Fed. R.
20 Evid.  401.  Defendant asserts "[t]his overlapping attribution of the same injuries to two separate
21 incidents gives rise to a central issue of causation.  Mr. Medina cannot credibly claim that
22 identical injuries were caused by both incidents." (Id. at 7.)  Therefore, "[h]is testimony in the
23 Target action . . . bears directly on both the nature and extent of his claimed injuries in this case as
24 well as proximate cause—two essential elements in any negligence-based tort claim." (*Id.*)

25 Accordingly, the Court finds Medina's deposition relevant and admissible under Rule 401,
26 and it is admissible under Rule 801 as a party admission, if he testifies at trial.  A statement is not
27 hearsay and is admissible as a statement of a party-opponent.  Fed. R. Evid. 801(d)(2).  For these
28 reasons, the Court **GRANTS** Defendant's Motion in Limine No. 7.

**ORDER**

For the reasons set forth, Defendant's motions in limine 1 through 8 (Doc. 102) are **GRANTED**.

IT IS SO ORDERED.

Dated: __August 10, 2025__

UNITED STATES DISTRICT JUDGE